## NEWPORT COUNTY.

ISLAND SAVINGS BANK *vs.* CATHERINE GALVIN, Executrix.

Three persons composing a partnership were the joint makers of a promissory note. The note did not purport to be a partnership contract, and contained no provisions that on the death of either of the makers his representatives should not be charged as if the contract had been several instead of joint. Upon the death of one of the makers an action was brought against his executrix as upon the several note of the deceased, without first resorting to the partnership estate.

*Held*, that the action was brought in accordance with the Judiciary Act, cap. 13, § 17, which provides that "Unless otherwise provided in the contract, upon the death of any joint contractor his representatives may be charged in the same manner as such representatives might have been charged if such contract had been several instead of joint : *Provided,* that the plaintiff shall first exhaust the partnership estate, if such contract is a partnership contract."

ASSUMPSIT on a promissory note. Certified from the Common Pleas Division on demurrer to a special plea in bar.

The note in suit is as follows :—

$10,000.  NEWPORT, R. I., August 8, 1892.

One year after date for value received we promise to pay the Island Savings Bank or order ten thousand Dollars at their Banking House, with interest at the rate of six per centum per annum payable semi-annually till said principal sum is paid, whether at or after maturity of this note, all installments of interest in arrear whether before or after such maturity, to carry interest at the rate aforesaid till paid.

This note is secured by mortgage of real estate of even date herewith.

The words "with" to "Dollars" erased before signing.

W. P. SHEFFIELD, JR.

CHAS. C. PEIRCE,
DANIEL GALVIN,
PATRICK H. HORGAN.

To an action brought against the executrix of the will of Daniel Galvin, deceased, in which the plaintiff declared as on the several note of said Daniel Galvin, the defendant pleaded specially, in substance, that the promises set forth in the declaration were made by the defendant's testator jointly with Patrick H. Horgan and Charles C. Peirce, as copartners doing business under the firm name of the Newport Laundry Co., and were the promises of said copartners and of the partnership ; that while said copartnership was in existence and said promises remained to be performed said Daniel Galvin died, and thereupon it became the duty of the plaintiff, before bringing any action against the defendant, to exhaust the partnership property towards the liquidation of its said claim, averring that at the time of the death of Daniel Galvin there was, and now is, property of such copartnership, but that the plaintiff though well knowing the same had made no effort to subject such property to the payment of its claim.

To this plea the plaintiff demurred.

*July* 20, 1896.    MATTESON, C. J.    The note sued on does not purport to be a note of the Newport Laundry Co., a partnership composed of the three persons who were the makers of the note.    It is simply the joint note of those persons, of whom the defendant's testator was one.    The Judiciary Act, cap. 13, § 17, (Gen. Laws R. I. cap. 233, § 17,) provides that, "Unless otherwise provided in the contract upon the death of any joint contractor his representatives may be charged in the same manner as such representatives might have been charged if such contract had been several instead of joint : *Provided,* that the plaintiff shall first exhaust the partnership estate, if such contract is a partnership contract."    As the note does not purport to be a partnership contract, and does not provide in it that on the death of either of the makers his representatives shall not be charged as if the contract had been several instead of joint, we are of the opinion that the suit is in accordance with the statute quoted, and, therefore, that it is properly brought against the defendant, as the representative of the deceased.    The demurrer to the first plea in bar is sustained, and plea overruled.

The record discloses no demurrer to the defendant's plea by way of equitable defence; and therefore the sufficiency of that plea, as a defence, discussed in the brief filed by the parties, is not before us.

Case remitted to the Common Pleas Division for further proceedings.

*William P. Sheffield, Jr.*, for plaintiff.
*Charles Acton Ives*, for defendant.